**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| **William Kana** ) | **Civil Action No.: 2:04-21947** | |
| ) | | |
| **Plaintiff,** ) | | |
| vs. ) | | |
| ) | | |
| **United States of America** ) | | |
| ) | | |
| **Defendant.** ) | **ORDER** | |
| _____) | | |
| **Kristopher Ross Baker** ) | | |
| ) | | |
| **Plaintiff,** ) | **Civil Action No.: 2:04-21946** | |
| ) | | |
| vs. ) | | |
| ) | | |
| **United States of America** ) | | |
| ) | | |
| **Defendant.** ) | | |
| _____) | | |

On August 20, 2004, William Kana ("Kana") and Ross Baker ("Baker")(collectively referred to as plaintiffs) commenced these actions under the Federal Tort Claims Act ("FTCA") against the government. The plaintiffs allege that while the plaintiffs were under the care of the government and while the plaintiffs were on government property, Marine Captain Michael Arpaio ("Arpaio") sexually abused them. The plaintiffs allege that this sexual abuse caused them emotional distress and pain and suffering.

On July 15, 2005, the government moved to dismiss the cases for the lack of subject matter jurisdiction alleging that the plaintiffs violated the two year statute of limitations set forth in 28 U.S.C. § 2401(b). Section 2401(b) provides that a tort claim against the government "shall be forever barred unless it is presented in writing to the appropriate Federal Agency within two years after such claim accrues . . . ."

On March 30, 2006, the Court issued findings of facts and conclusions of law dismissing the actions as time barred. The Court found that the plaintiffs claims accrued when Arpaio sexually abused them. The sexual abuses occurred more than two years before the plaintiffs presented their claims to the US Navy, which is the federal agency responsible for handling claims against the Marine Corps.

On April 9, 2006, under Rules 59(e) and 60 of the Federal Rules of Civil Procedure, the plaintiffs moved to amend the Court's order dismissing the cases. The plaintiffs allege that: (1) the statute of limitations set forth in section 2401(b) is an affirmative defense; consequently, the Court did not have authority to find facts to determine when the claims accrued; (2) the plaintiffs have presented genuine issues of material facts as to when the plaintiffs' claims accrued; (3) the Court should have applied a reduced standard of a reasonable child to determine when the claims accrued; and (4) the Court erred in finding that Kana understood Arpaio's conduct was wrong.

For the following reasons the Court sustains its findings of facts and conclusions of law holding that the claims accrued more than two years before the plaintiffs presented them to the US Navy and dismissing the cases for the lack of subject matter jurisdiction. In addition, the Court holds that the plaintiffs did not present a genuine issue of material fact that the claims accrued less than two years before they presented the claims to the US Navy. Consequently, the Court also dismisses these cases on their merits pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.

I.   No genuine issue of material fact disputes the conclusion that the claims accrued more than two years before the plaintiffs presented the claims to the US Navy.

The plaintiffs have presented expert testimony that they did not understand that Arpaio's sexual abuses injured them when the abuses occurred because they did not understand that

Arpaio's conduct was wrong. As a result, the plaintiffs allege that they did not know that Arpaio had injured them until they consulted a psychiatrist in 2002. The plaintiffs contend that this evidence presents a genuine issue of material fact as to when the claims accrued.

      A.      The claims accrued when Arpaio sexually abused the plaintiffs.

A tort claim accrues when a plaintiff possesses sufficient facts so that a reasonable inquiry would reveal a cause of action. Lekas v. United States, 282 F.3d 296, 300 (4th Cir. 2002)(citing Kubrick v. United States, 444 U.S. 111, 122-124 (1979)). The plaintiffs do not dispute the following facts: On June 29, 2001, Arpaio held Baker down and inserted his fingers or penis into Baker's anus. During the summer of 1999, Kana resided with Arpaio in an apartment located in Emerald Isle, North Carolina. While living there, Arpaio purchased alcohol and drugs for Kana. Arpaio exposed Kana to pornography and lewd acts. Kana slept in the same bed as Arpaio and often awoke naked. On one occasion, Arpaio held Kana down and inserted a test tube into his anus. After this event, Kana experienced bowel irregularities.

Baker claims that Arpaio's sexual abuse caused him emotional distress and pain and suffering. Arpaio's alleged sexual abuse of Baker on June 29, 2001, provided Baker with sufficient facts to investigate and determine whether he had a claim against Arpaio or the government for emotional distress and pain and suffering. Similarly, Arpaio's alleged sexual abuse of Kana during the visit to Emerald Isle in July 1999 provided Kana with sufficient facts to investigate and determine whether he had a claim against Arpaio or the government for emotional distress and pain and suffering. The plaintiffs subsequent discovery of the full extent of their emotional distress does not prevent the claims from accruing when the sexual abuses allegedly occurred. *See* K.E.S v. United States. 38 F.3d 1027, 1030 (8th Cir. 1994); *see also*

<u>Grooms v. Medical Society of South Carolina</u>, 380 S.E. 2d 855, 857-858 (S.C. Ct. App. 1989).

As a result, Baker's claims accrued, at the latest, on June 29, 2001, and Kana's claims accrued, at the latest, in July 1999. The plaintiffs presented their claims on July 17, 2003, more than two years after the claims accrued. The Court holds that no genuine issue of material fact disputes this conclusion.

  B.  A plaintiff's minority does not toll the statute of limitations.

The plaintiffs present testimony from two psychiatrists who testify that the plaintiffs did not understand, because of their immaturity, that Arpaio's sexual abuses were wrong or that the abuses injured them until they consulted with a psychiatrist in 2002. The plaintiffs contend that the plaintiffs' failure to understand that Arpaio's conduct injured them delayed the accrual of their claims.

The plaintiffs' requests to delay the accrual of their claims because of their immaturity is the same as a request to delay the accrual of their claims because they were minors when the claims accrued. However, the Fourth Circuit Court of Appeals does not allow a plaintiff's minority to toll the limitations period set forth in section 2401(b). <u>In re McKewin v. United States</u>, 7 F.3d 224, **2 (4th Cir. 1993)(unpublished table opinion).[1] The plaintiffs' allegations that their immaturity prevented them from understanding that Arpaio had injured them provides the public policy for adopting a provision tolling the limitations period while a plaintiff is a

---

[1] The Fourth Circuit Court of Appeals has held that a court should equitably toll a statute of limitations only when "due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000). The plaintiffs have not alleged that any circumstances external to their own conduct caused their failure to timely present their claims to the US Navy.

-4-

minor. However, Congress has chosen not to adopt such a provision.[2] Because a plaintiff's minority does not toll the limitations period, the Court holds that the plaintiffs' claims accrued when Arpaio sexually abused them. The plaintiffs' evidence supporting the theory that they did not understand Arpaio's sexual abuse injured them does not create a genuine issue of material fact.

II.     The Court had authority to find jurisdictional facts to determine when the plaintiffs' claims accrued.

The plaintiffs argue that compliance with section 2401(b) is not a jurisdictional prerequisite to bringing a FTCA claim against the government. Therefore, the plaintiffs contend that the limitations period is an affirmative defense and that the Court improperly decided the factual issue of when the plaintiffs' claims accrued.

   A.     Compliance with section 2401(b) is a jurisdictional prerequisite to bringing a FTCA claim.

Compliance with section 2401(b) is a condition to Congress's waiver of the government's sovereign immunity. Gould v. US Dep't of Health and Human Services, 905 F.2d 738, 741 (4th Cir. 1990). Consequently, courts have held that compliance with section 2401(b) is a jurisdictional prerequisite to bringing a FTCA claim. Id. However, in 1990, the Supreme Court held that a rebuttable presumption of equitable tolling applies to statutes setting time limits for suits against the government. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96 (1990). After Irwin, the Third and Sixth Circuit Courts of Appeals held that the limitations period set forth section 2401(b) was not a jurisdictional prerequisite but an affirmative defense. Hughes v.

---

[2] In 1989, Congress considered creating a tolling exception for minors but decided not to adopt the exception. *See* McCall v. United States, 310 F.3d 984, 988 (7th Cir. 2002)(citing H.R. 3260, 101st Cong. (1989)).

United States, 263 F.3d 272, 278 (3d Cir. 2001) and Glarner v. US Dep't of Veterans Administration, 30 F.3d 697, 701 n. 4 (6th Cir. 1994).  The Third Circuit Court of Appeals reasoned that if time limitations to bringing suits against the government were jurisdictional, courts would have no authority to consider equitably tolling them.  Hughes, 263 F.3d at 278.

The Eighth Circuit Court of Appeals does not follow this view.  The Eighth Circuit Court of Appeals holds that although section 2401(b) restricts a court's subject matter jurisdiction over a FTCA claim, courts have the ability to equitably toll the limitations period.  T.L. v. United States, 443 F.3d 956, 960-961 (8th Cir. 2006).  The Eighth Circuit Court of Appeals reasons that Congress allows equitable tolling of the limitations period as part of its conditional waiver of sovereign immunity.  Id.

Since Irwin, the Fourth Circuit Court of Appeals has not directly addressed the issue or disturbed its holding prior to Irwin that compliance with section 2401(b) is a jurisdictional prerequisite to bringing a FTCA claim.  *See* Gould, 905 F.2d at 741.  However, the Fourth Circuit Court of Appeals has issued an unpublished opinion maintaining that compliance with section 2401(b) is a jurisdictional prerequisite to bringing a FTCA claim.  In re McKewin, 7 F.3d at ** 3.   As a result, the Court holds that Fourth Circuit Court of Appeals' precedence requires it to analyze section 2401(b) as a jurisdictional  prerequisite to bringing a FTCA claim against the government.

> B. Because compliance with section 2401(b) is a jurisdictional prerequisite to bringing FTCA claims, the Court correctly listed the facts it relied on to determine when the plaintiffs' claims accrued.

The government moved to dismiss the cases for the lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  The government presented

evidence supporting the motion. The plaintiffs responded with evidence supporting their claims that the Court had subject matter jurisdiction over the cases.[3]

When a party challenges the factual basis for subject matter jurisdiction under a Rule 12(b)(1) motion, a court considers and weighs the evidence to determine its jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). A court should distinguish between dismissing a case for want of subject matter jurisdiction under Rule 12(b)(1) and dismissing a case on its merits under Rule 56(c). Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995). Because the Court dismissed the cases on jurisdictional grounds, the Court correctly issued findings of facts and conclusions of law demonstrating which facts it relied on to dismiss the cases.[4]

III.    The Court correctly found that Kana understood Arpaio's sexual abuse was wrong.

Kana testified that he did not inform his parents or Arpaio's superiors of Arpaio's conduct during the summer Kana lived with Arpaio in Emerald Isle because he did not want to get Arpaio in trouble. Kana Dep. 169:14-24, 170:1-21. From this evidence, the only reasonable inference is that Kana understood that Arpaio's conduct, including Arpaio's sexual abuse, was wrong. As a result, the Court holds that it did not err by finding that Kana understood Arpaio's

---

[3] After the government filed a Rule 12(b)(1) motion to dismiss for the lack of subject matter jurisdiction, the Court notified the parties during a telephone conference that it would convert the government's Rule 12(b)(1) motion to a motion for summary judgment. The Court then required the parties to submit supplemental briefs and evidence supporting their positions. The plaintiffs contend in their motions to amend that the Court led them to believe that the issues would be decided under a summary judgment standard. In an abundance of caution, the Court provided the plaintiffs additional time to submit supplemental briefs supporting their legal and factual positions.

[4] Pursuant to this order, the Court also dismisses the cases on the merits under Rule 56(c).

sexual abuse was wrong.[5]

For the abovementioned reasons, the Court denies the plaintiffs' motions to amend the Court's findings of facts and conclusions of law dismissing the cases for the lack of subject matter jurisdiction. In addition, the Court holds that no genuine issue of material fact exists disputing that the claims accrued more than two years before the plaintiffs presented the claims to the US Navy. Therefore, the Court grants summary judgment in favor of dismissing the cases under Rule 56(c).

**AND IT IS SO ORDERED**.

October 16, 2006                                   **C. WESTON HOUCK**
Charleston, South Carolina              **UNITED STATES DISTRICT JUDGE**

---

[5] Because a plaintiff's minority does not toll the limitations period, the plaintiffs' understanding of their injury is not necessary to the Court's holding that the claims accrued when Arpaio allegedly sexually abused them.